IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOHN WHITFIELD, ET AL., | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| V. | § | No. 3:13-cv-2230-BN |
| | § | |
| KEVIN NELSON d/b/a UNIQUE | § | |
| CUSTOM CLEANING SERVICE, a/k/a | § | |
| UNIQUE TRUCK WASH, | § | |
| | § | |
| Defendant. | § | |

## MEMORANDUM OPINION & ORDER DISMISSING COUNTERCLAIM

### Background

Plaintiffs John Whitfield, Stephen McDuff, Mark Deckard, and Tario Ferrell have filed a Motion to Dismiss Defendant's Counterclaim, arguing that Defendant Kevin Nelson's counterclaim failed to state a plausible claim and should be dismissed under Federal Rule of Civil Procedure 12(b)(6). *See* Dkt. No. 13. But, after Plaintiffs filed their motion, the Court granted Defendant's unopposed motion for leave to file his First Amended Answer and Counterclaim [Dkt. No. 22]. *See* Dkt. No. 24.

In compliance with the Court's Electronic Order [Dkt. No. 26], Plaintiffs filed a status report explaining the effect of Defendant's First Amended Answer and Counterclaim [Dkt. No. 23] on Plaintiffs' Motion to Dismiss Defendant's Counterclaim [Dkt. No. 13]. In that report, Plaintiffs argue that Defendant's counterclaim, as repleaded in the First Amended Answer and Counterclaim, should still be dismissed. Plaintiffs explain that Defendant amended his Counterclaim in response to Plaintiffs'

motion to dismiss it and that Plaintiffs did not oppose Defendant's attempt to cure. *See* Dkt. No. 27 at 6. But, according to Plaintiffs, after amendment there is still no cause of action as a matter of law. *See id.*

In a January 29, 2014 order, the Court explained that it will treat the status report as a supplement to Plaintiffs' Motion to Dismiss Defendant's Counterclaim [Dkt. No. 13] and afford Defendant a chance to respond to Plaintiffs' Motion to Dismiss Defendant's Counterclaim [Dkt. No. 13] and Status Report on Motion to Dismiss Counterclaim [Dkt. No. 27] by February 18, 2014. *See* Dkt. No. 28. That date has come and gone without any response filed by Defendant. The Court will therefore take up and decide Plaintiffs' motion to dismiss.

Defendant alleges a Counterclaim for civil conspiracy against Plaintiffs John Whitfield, Stephen McDuff, Mark Deckard, and Tario Ferrell. *See* Dkt. No. 23 at 7-8. Defendant alleges that Plaintiffs "openly agreed among themselves that they would engage in the unlawful acts of filing false claims based upon hours not truly worked in excess of 40 per week in order to provide evidence for this lawsuit"; that Plaintiff "John Whitfield conspired with the other Plaintiffs by agreeing to knowingly bring these false allegations against Unique Custom Car Wash and did so openly in the presence of other workers not part of this suit"; that "[t]he agreement between Plaintiffs is an agreement either to accomplish an unlawful purpose or an agreement to accomplish a lawful purpose by unlawful means, in which there was a meeting of the minds in the object or course of the action which constitutes civil conspiracy"; and that, "[a]s a result of the civil conspiracy committed by Plaintiffs, Defendant has suffered

damages including monetary damages associated with the expense of resources and time necessary to defend this meritless lawsuit." *Id.*

Plaintiffs seek dismissal of Defendant's Counterclaim because there is no private cause of action for perjury, and so a claim for civil conspiracy alleging an agreement to commit perjury fails to state a claim on which Defendant may recover; because Defendant's Counterclaim is premised on Defendant's failure to keep records as required by the Fair Labor Standards Act; because Defendant's allegations may form the basis of a defense or a request for relief by another avenue but do not give rise to a private cause of action; and because, insofar as it alleges a claim for malicious prosecution, Defendant's Counterclaim is unripe. *See* Dkt. No. 27.

The Court agrees that Defendant's Counterclaim should be dismissed.

## Legal Standards

In deciding a Rule 12(b)(6) motion, the court must "accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007). To state a claim upon which relief may be granted, a claimant must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks

for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a claimant must allege more than labels and conclusions, and, while a court must accept all of the plaintiff's allegations as true, it is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). A threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.*

District courts within the Fifth Circuit have divided as to whether a fair-notice standard continues to apply to pleading affirmative defenses or whether the *Twombly/Iqbal* plausibility standard applies, and the United States Court of Appeals for the "Fifth Circuit has not addressed this issue." *Brush v. Wells Fargo Bank, N.A.*, 911 F. Supp. 2d 445, 484 (S.D. Tex. 2012). But, whatever may be the standard for pleading an affirmative defense under Federal Rule of Civil Procedure 8(b) – a question with which the Court is not presently confronted – the *Twombly* and *Iqbal* plausibility standard applies to pleading any "claim for relief" under Rule 8(a)'s requirements – whether as a plaintiff's claim or a defendant's counterclaim. *See* FED. R. CIV. P. 8(a); 5 CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FED. PRAC. & PROC. § 1205 (3d ed. 2013) ("Rule 8(a) applies not only to an original claim contained in a complaint, but also to

a pleading containing a claim for relief that takes the form of a counterclaim, cross-claim, or third-party claim."); *see generally Sierra Club, Lone Star Chapter v. Cedar Point Oil Co.*, 73 F.3d 546, 576-77 (5th Cir. 1996) (affirming a Rule 12(b)(6) dismissal of a counterclaim).

## Analysis

Defendant alleges as a counterclaim a claim for civil conspiracy under Texas law. "The essential elements of a civil conspiracy claim are: 1) two or more persons; 2) an object to be accomplished; 3) a meeting of the minds on the object or course of action; 4) one or more unlawful, overt acts; and 5) damages as the proximate result." *Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 404-05 (5th Cir. 2013). "Civil conspiracy is a derivative tort; therefore, liability for a civil conspiracy depends on participation in an underlying tort." *Id.* at 402. "In order to adequately plead a claim for civil conspiracy, a plaintiff must adequately plead the underlying tort." *Id.* If the underlying tort claim fails, so, too, does the civil conspiracy claim as a matter of law. *See Davis-Lynch, Inc. v. Moreno*, 667 F.3d 539, 553 (5th Cir. 2012) ("To establish the required 'overt act,' a plaintiff must show that the defendant committed an act that, if done alone, would give rise to a cause of action."); *Meadows v. Hartford Life Ins. Co.*, 492 F.3d 634, 640 (5th Cir. 2007) ("Under Texas law, civil conspiracy is a derivative tort. If a plaintiff fails to state a separate underlying claim on which the court may grant relief, then a claim for civil conspiracy necessarily fails. Thus, whether Meadows stated a claim for civil conspiracy rises and falls on whether he stated a claim on an underlying tort." (citation omitted)); *see also Carlton v. Steele*, 278 F. App'x 352, 355

(5th Cir. 2008); *Banc One Capital Partners Corp. v. Kneipper*, 67 F.3d 1187, 1194-95 (5th Cir. 1995); *Turner v. Pavlicek*, No. H-10-00749, 2011 WL 4458757, at *14 (S.D. Tex. Sept. 22, 2011). And "[c]onspiracy to commit a tort requires that the parties conspire to commit an intentional tort." *Martin v. Tex. Dep't of Protective & Regulatory Servs.*, 405 F. Supp. 2d 775, 799 (S.D. Tex. 2005); *accord Juhl v. Airington*, 936 S.W.2d 640, 644 (Tex. 1996) ("Because negligence by definition is not an intentional wrong, one cannot agree or conspire to be negligent.").

Defendant does not clearly identify the underlying tort in his Counterclaim for civil conspiracy. But the core of Defendant's allegations are that Plaintiffs "openly agreed among themselves that they would engage in the unlawful acts of <u>filing false claims</u> based upon hours not truly worked in excess of 40 per week in order to <u>provide evidence for this lawsuit</u>" and agreed "to <u>knowingly bring these false allegations</u> against Unique Custom Car Wash." Dkt. No. 23 at 7-8 (emphasis added).

Defendant therefore appears to allege that Plaintiffs conspired either to commit perjury or malicious prosecution. But Defendant cannot plausibly state a civil conspiracy claim on the basis of either perjury or malicious prosecution.

Plaintiffs correctly note that there is no private cause of action for civil perjury under Texas law (or, for that matter, in federal court). *See Williams v. Williams*, No. 3:12-cv-705-N-BK, 2012 WL 3704277, at *3 (N.D. Tex. July 27, 2012), *rec. adopted*, 2012 WL 3715159 (N.D. Tex. Aug. 28, 2012); *Hill v. Huff*, No. 3:11-cv-2158-M-BD, 2011 WL 5980246, at *2 n.3 (N.D. Tex. Nov. 15, 2011), *rec. adopted*, 2011 WL 5986041 (N.D.

Tex. Nov. 29, 2011). A claim for civil conspiracy to commit perjury therefore fails a matter of law. *See Davis-Lynch*, 667 F.3d at 553.

Plaintiffs also note that Texas courts regularly characterize a claim such as Defendant's Counterclaim as a kind of suit for malicious prosecution. To establish a claim for malicious prosecution under Texas law, Defendant must show (1) the institution or continuation of civil proceedings against Defendant; (2) initiated by Plaintiffs; (3) with malice in the commencement of the proceedings; (4) which proceedings lacked probable cause; (5) were terminated in Defendant's favor; and (6) resulted in special damages. *See Duzich v. Advantage Fin. Corp.*, 395 F.3d 527, 529 (5th Cir. 2004). Insofar as malicious prosecution is the tort underlying Defendant's civil conspiracy claim, Plaintiffs correctly assert that this claim is not ripe and cannot plausibly be stated at this time because Plaintiffs' action against Defendant has not, at this point, terminated, in Defendant's favor or otherwise. Defendant therefore cannot, as a matter of law, satisfy the elements for malicious prosecution and so cannot plausibly state the predicate element of an unlawful, overt act for civil conspiracy. *See id.*

Defendant has not, to this point, specified or, for that matter, adequately pleaded any other underlying tort. And, where Defendant's allegations most clearly sound in an underlying tort of malicious prosecution, Defendant cannot evade the requirements of that tort by attempting to allege some other cause of action. *See Kale v. Palmer*, 791 S.W.2d 628, 632 (Tex. App. – Beaumont 1990, writ denied); *cf. Petty v.*

*Venable, Baetjer, Howard & Civiletti, LLP*, No. 3:02-cv-1449-D, 2004 WL 1629774, at

*9-*11 (N.D. Tex. July 20, 2004) (collecting cases).

### Conclusion

For these reasons, Plaintiffs' Motion to Dismiss Defendant's Counterclaim [Dkt.

No. 13] is GRANTED, and Defendant's Counterclaim, as pleaded in the First Amended

Answer and Counterclaim [Dkt. No. 23], is DISMISSED without prejudice.

SO ORDERED.

DATED: March 26, 2014

_____

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE